NOT DESIGNATED FOR PUBLICATION

No. 117,726

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BLAINE ALLEN GODINEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 15, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Blaine Allen Godinez appeals the district court's decision revoking his probation and ordering him to serve his prison sentence. We granted Godinez' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On February 2, 2016, Godinez pled guilty to one count of possession of a controlled substance with intent to distribute, one count of use of a communication facility for a drug transaction, and one count of interference with law enforcement. On April 4, 2016, the district court imposed a controlling sentence of 30 months' imprisonment and granted probation for 18 months.

1

At a hearing on October 20, 2016, the district court found that Godinez was in violation of the conditions of his probation on multiple grounds. After noting that Godinez had received a prior "quick dip" sanction in the county jail, the district court imposed a 120-day intermediate sanction with the Kansas Department of Corrections and extended Godinez' probation for an additional 18 months.

At a hearing on April 13, 2017, Godinez admitted to violating the conditions of his probation on numerous grounds, including failing to refrain from violating the law. Although a transcript of the hearing is not included in the record on appeal, the journal entry from the hearing reflects that the district court revoked Godinez' probation and ordered him to serve the balance of his original sentence. Godinez timely appealed.

On appeal, Godinez claims the district court "erred in revoking his probation and in ordering him to serve his underlying prison sentence." Godinez acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. He also acknowledges that the district court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of

2

K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

Here, the district court revoked Godinez' probation after finding that he failed to refrain from violating the law. Based on this finding, the district was not required to impose an additional intermediate sanction in this instance. The record reflects that Godinez had received prior intermediate sanctions from the district court. The district court's decision to revoke Godinez' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of a fact or law. Godinez has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his prison sentence.

Affirmed.